**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6611**

JONATHAN LEIGH HENSLEE,

Plaintiff - Appellant,

v.

SINGLETON, Avery/Mitchell Correctional Officer,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:13-cv-00090-GCM)

Submitted:  February 22, 2018                      Decided:  March 12, 2018

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan Leigh Henslee, Appellant Pro Se.  Yvonne Bulluck Ricci, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Leigh Henslee, a North Carolina prisoner, filed a 42 U.S.C. § 1983 (2012) action against Marty Singleton, a correctional officer at the Avery Mitchell Correctional Institution, alleging that Singleton used excessive force against him by spraying him in the face with pepper spray, in violation of the Eighth Amendment. Following a trial during which Henslee was represented by counsel, the jury entered a verdict in favor of Singleton. On appeal, Henslee argues that the district court erred in permitting his criminal convictions for which he was then incarcerated to be admitted into evidence. Second, Henslee argues that the district court erred by empaneling a juror who knew the judge.

This court reviews the district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Rule 609 of the Federal Rules of Evidence governs the admissibility of a prior conviction for impeachment purposes. Evidence that a testifying witness in a civil case was convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to [Fed. R. Evid.] 403." Fed. R. Evid. 609(a)(1)(A). This rule "is premised on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (citation and internal quotation marks omitted); *see Knight ex rel. Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 817 (11th Cir. 2017) ("[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value" (internal quotation marks omitted)). Under Rule 403, relevant evidence may be excluded

2

"if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Henslee argues that the prejudice of admitting his criminal history outweighed the probative value because he contends that it biased the jury against him. We conclude that the probative value outweighed any unfair prejudice, particularly in light of the district court's limiting jury instruction that the convictions were to be considered only for purposes of determining Henslee's credibility.

Ancillary to his challenge to the court's evidentiary ruling, Henslee claims that the court did not provide him with adequate notice that it would admit his convictions into evidence. We conclude that this claim is patently frivolous. Henslee knew that Singleton planned to introduce his criminal record into evidence and filed a motion in limine to attempt to prevent its admission. Therefore, Henslee had the opportunity to prepare for the possibility that the court would rule in Singleton's favor.

As to Henslee's claim that the district court erred by failing to exclude the juror who was acquainted with the trial judge, Henslee did not object in the district court to the inclusion of the juror. Therefore, he failed to preserve this challenge for appeal. *See McNeill v. Polk*, 476 F.3d 206, 225 (4th Cir. 2007) (holding that right to challenge a juror is waived by failing to object at time jury is empaneled if basis for objection was known or could have been discovered during voir dire).

Accordingly, we affirm the judgment. We deny as moot Henslee's motion to compel preparation of transcripts and deny Henslee's motion for sanctions. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*